CITY OF GREELEY, Colorado; Town of Ault, Colorado; Town of Dacono, Colorado; Town of Erie, Colorado; City of Evans, Colorado; Town of Firestone, Colorado; Town of Frederick, Colorado; City of Fort Lupton, Colorado; Town of Gilcrest, Colorado; Town of Hudson, Colorado; Town of Johnstown, Colorado; Town of Keenesburg, Colorado; Town of LaSalle, Colorado; Town of Lochbuie, Colorado; Town of Mead, Colorado; Town of Milliken, Colorado; Town of Pierce, Colorado; Town of Platteville, Colorado; Town of Severence, Colorado, Plaintiffs-Appellees,

v.

BOARD OF COUNTY COMMISSIONERS, COUNTY OF WELD, State of Colorado; Norman C. Carlson, John "Chuck" Carlson, C. W. Kirby, John T. Martin, June K. Steinmark, as members of the Board of County Commissioners of Weld County, Francis M. Loustalet, as Treasurer of Weld County, Donald Warden, Director of Finance and Administrative Services of Weld County, Defendants-Appellants.

No. 81CA0377.

Colorado Court of Appeals,
Div. II.

Dec. 24, 1981.

As Modified On Denial of Rehearing
Jan. 28, 1982.

John P. DiFalco, City Atty., Don K. DeFord, Asst. City Atty., Greeley, for plaintiffs-appellees.

Thomas O. David, Weld County Atty., Greeley, for defendants-appellants.

Susan K. Griffiths, Wheat Ridge, amicus curiae.

TURSI, Judge.

In November 1980, while working on the 1981 fiscal year budget, the Weld County board of county commissioners passed a resolution authorizing transfer of general fund revenue to the road and bridge fund so as to finance the operation of the road and

bridge department for the fiscal year without the necessity of having a mill levy for roads and bridges. The board claimed authority to fund roads and bridges by virtue of § 29–1–111.5, C.R.S.1973 (1980 Cum. Supp.) which authorizes budgetary transfers during the fiscal year. The effect of funding roads and bridges in this manner is to avoid contributing 50% of the revenues generated from the road and bridge mill levy to the municipalities within the county as is required by §§ 43–2–202 and 43–2–203, C.R.S.1973.

In December, plaintiffs, the municipalities within Weld County, filed an action for declaratory judgment seeking to invalidate the resolution and for temporary and permanent injunctions against the transfer of any non-property tax funds from the general fund to the road and bridge fund for fiscal year 1981. The trial court granted the municipalities the requested relief. Challenging the holding of the trial court, the board brings this matter before us seeking reversal. We affirm.

The issues raised by the defendants are (1) whether the plaintiffs have standing to bring this action and (2) whether § 29–1–111.5 permits the funding of roads and bridges by transfer of funds from the general fund without first utilizing a mill levy for roads and bridges.

▪ Defendants' argument as to the municipalities' lack of standing is without merit. *DURA v. Byrne*, Colo., 618 P.2d 1374 (1980); *Board of County Commissioners v. City of Thornton*, Colo., 629 P.2d 605 (1981).

▪ Further, defendants' contention that they may fund the county roads and bridges without a levy pursuant to §§ 43–2–202 and 43–2–203 is untenable. Section 43–2–202, C.R.S.1973, creates a road and bridge fund in each county which:

"shall consist of the revenue derived from the tax authorized to be levied under section 43–2–203 for road and bridge construction, maintenance, and administration, all moneys received by the county from the state or federal governments for expenditure on roads and bridges, and

any other moneys which may become available to the county for such purpose."

Section 43–2–203(2), C.R.S.1973, reads: "The board of county commissioners in each county is authorized to levy such rate of tax on all taxable property located within the county as required, when added to the estimated balance on hand at the beginning of said ensuing fiscal year and the amount of all revenues, *other than property tax revenue*, estimated to be received during said fiscal year, to defray all expenditures and payments estimated to be made from the county road and bridge fund during said fiscal year." (emphasis added)

Section 30–25–106, C.R.S.1973 (1980 Cum. Supp.) prohibits the board from appropriating money for roads and bridges from the county general fund. The plain meaning of these sections, read together, is that the funding shall be from a special levy for roads and bridges, together with moneys from state or federal governments for expenditures on roads and bridges, and other moneys which may become available for roads and bridges, except money from the general fund. The conflict between § 30–25–106 and § 29–1–111.5, if any, must be resolved in favor of the specific prohibition on roads and bridges found in the former section. *Walker v. District Court*, 199 Colo. 128, 606 P.2d 70 (1980). Further, we note that in 1979 the former section was reconsidered by the General Assembly and the proscription against use of general fund revenue for roads and bridges was left unchanged.

The statutes support the conclusions of the trial court that initial funding of the roads and bridges budget must be by the levy provided for in §§ 43–2–202 and 43–2–203, and may be supplemented with moneys received from state or federal governments, but not revenue transferred from the general fund.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.